UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN COURTNEY,

    Plaintiff,

V.

    Case No. 15-12041
    HON. AVERN COHN

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

_____/

## ORDER OF TRANSFER TO THE WESTERN DISTRICT OF MICHIGAN

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983.  Plaintiff claims that defendants, the Michigan Department of Corrections, its director, and several its employees and/or contractors stationed at the facility in which he is incarcerated, have violated his constitutional rights regarding the food service.  For the reasons that follow, the case will be transferred to the United States District Court for the Western District of Michigan because venue is not proper in this district.

II.

The proper venue for civil actions is in the judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) any defendant may be found if there is no other district in which the plaintiff may bring the action. 28 U.S.C. § 1391(b). Public officials "reside" in the county where they serve.  See O'Neill v. Battisti, 472 F. 2d 789, 791 (6th Cir. 1972).

Here, plaintiff is incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan. This facility is located in Chippewa County. Chippewa County is within the Western District of Michigan. The named defendants reside in Chippewa and Ingham Counties, both of which are in the Western District of Michigan. Thus, the proper venue is the federal district court in the Western District of Michigan.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought." See Weatherford v. Gluch, 708 F. Supp. 818, 819 (E.D. Mich. 1988) (quoting 28 U.S.C. § 1404(a)). The Court may transfer venue of a lawsuit on its own for the convenience of parties or witnesses. See Sadighi v. Daghighfekr, 36 F. Supp. 2d 267, 278 (D.S.C. 1999).

Here, both for the convenience of the parties and witnesses, as well as in the interests of justice, require that this case be transferred to the Western District of Michigan.

Accordingly, the Clerk of the Court shall TRANSFER this case to the Western District of Michigan under 28 U.S.C. § 1404(a).

SO ORDERED.

    S/Avern Cohn
    UNITED STATES DISTRICT JUDGE

Dated: June 9, 2015

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 9, 2015, by electronic and/or ordinary mail.

    S/Sakne Chami
    Case Manager, (313) 234-5160