UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRIAN KEITH COURTNEY,

    Plaintiff,    Case No. 2:15-cv-78

v.           HON. GORDON J. QUIST

UNKNOWN BECKETT, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

  This is a civil rights action brought by state prisoner Brian Keith Courtney pursuant to 42 U.S.C. § 1983.  Defendants Johnson, Dotson, and Hill filed a motion for summary judgment (ECF No. 25) on the ground that Plaintiff failed to exhaust his available administrative remedies. Plaintiff filed a response (ECF No. 27).  Defendants Beckett and Sabisch filed a motion for summary judgment (ECF No. 28) on the ground that Plaintiff failed to exhaust his available administrative remedies, that they are not state actors, and that they are entitled to qualified immunity from liability.

  Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005)

(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-216 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d

at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218-19.

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ P. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶ P. The Policy Directive also provides the following directions for completing grievance forms: "The issues

3

shall be stated briefly. Information provided shall be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original).[1] The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ X.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. *Id.* at ¶¶ T, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ GG. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III. *Id.* at ¶ FF. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ FF. The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ GG. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ X. "The total grievance process from the point of filing a

---

[1] In *Holoway v. McClaren*, No. 15-2184 (6th Cir., April 7, 2016) (unpublished), the Sixth Circuit concluded that where a plaintiff fails to name each defendant in his grievance, the un-named defendants may not be dismissed for failure to exhaust grievance remedies if the MDOC did not reject the grievance under the policy requiring a grievant to name each individual involved. The Sixth Circuit stated: "Because MDOC officials addressed the merits of Holloway's grievance at each step and did not enforce any procedural requirements, Holloway's failure to identify the defendants named in this lawsuit and to specify any wrongdoing by them in his grievances cannot provide the basis for dismissal of his complaint for lack of exhaustion." *Id*. at 3. The Sixth Circuit failed to provide any guidance as to how the MDOC might determine who the plaintiff intended to name in a future federal lawsuit at the time the plaintiff filed his Step I grievance.

4

Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id* at ¶ HH.

Defendants argue that Plaintiff failed to exhaust his grievance remedies prior to filing his complaint. Defendants have provided an MDOC Prisoner Step III Grievance Report, PageID.152-156, which shows that Plaintiff exhausted his last Step III grievances in April of 2013, two years prior to the conduct complained of in Plaintiff's complaint of June, 2015. In April of 2015, Plaintiff alleges that he reported inappropriate contact between Defendant Sabisch and another inmate. Plaintiff's complaints started an internal investigation by the MDOC. Plaintiff alleges that he was a Warden's Forum inmate representative and complained that Defendants had denied meals to several inmates on May 24, 2015. Plaintiff assisted inmates in filing grievances and indicated that he would present the issue to the Warden's Forum. As a result, Plaintiff received a false misconduct ticket for creating a disturbance on May 26, 2015. On May 26, 2015, Plaintiff alleges that Defendant Sabisch told Plaintiff that Defendants Dotson, Johnson, and Beckett forced her to write the misconduct ticket so that Plaintiff would be removed from the Warden's Forum. Plaintiff was removed by Defendant Hill from the Warden's Forum due to the misconduct ticket.

On June 10, 2015, Plaintiff was found not guilty of the misconduct. On June 11, 2015, Defendant Sabisch was removed from working at the prison due to her relationship with another prisoner. Plaintiff believes that the misconduct ticket was retaliatory because Defendant Sabisch knew that Plaintiff was planning on reporting her inappropriate relationship with the prisoner. Plaintiff argues that he exhausted his administrative remedies by bringing the issue of

retaliation to the attention of the Warden's Forum.[2]  In addition, Plaintiff claims that he submitted a grievance on this issue, KCF 15-05-624-27Z, but Defendants would not respond to his grievances.

Defendants have presented evidence that Plaintiff did not exhaust Grievance KCF 15-05-624-27Z before Plaintiff filed his original complaint on June 4, 2015.  Based upon the grievance numbers "15-05," it appears that Plaintiff submitted this grievance in May of 2015.  It is unlikely that Plaintiff could have exhausted this grievance before filing his complaint which is dated May 28, 2015.  PageID.8.  In the opinion of the undersigned, Plaintiff has failed to show that his grievance remedies were properly exhausted prior to filing his complaint in this case.[3]

For the foregoing reasons, I recommend that Defendants' motions for summary judgment (ECF No. 25 and 28) be granted, dismissing Defendants Beckett, Sabisch, Johnson, Dotson, and Hill without prejudice, and dismissing the complaint.

---

[2]Plaintiff is asserting a claim of retaliation.  PD 03.02.130F(1) provides that a prisoner may not grieve the content of policy or procedure as applied to the grievant, but may direct concerns to the Warden's Forum over the content of policy or procedure.  Plaintiff has not shown that bringing his retaliation concerns over his misconduct ticket to the attention of the Warden's Forum exhausted his administrative remedies.

[3]Defendants Beckett and Sabisch argue that they are not state actors because they work for a private corporation that contracts services with the MDOC.  However, in the opinion of the undersigned, Defendants have failed to show that their positions within the prison are not traditionally public functions, have not been coerced by the state, or do not involve a sufficiently close relationship with the state that their actions could be attributed to the state.  *Pierce v. Kalamazoo County Jail*, 1:14-cv-684 (W.D. Mich, November 3, 2014).  Similarly, Defendants' assertion that they are entitled to qualified immunity on Plaintiff's retaliation claims are unsupported.  Plaintiff has shown that he was given a misconduct ticket that was proven unsupportable after a hearing, and that he received the ticket after he confronted defendants about failing to give prisoners' meals, and after he advised that he would take the matter to the Warden's Forum and assist prisoners with filing grievances on the issue.  The immunity issue should not be resolved if there are factual disputes on which the issue of immunity turns such that it cannot be determined before trial whether the defendants' conduct violated clearly established rights.  *Hall v. Shipley*, 932 F.2d 1147, 1154 (6th Cir. 1991).

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the undersigned recommends granting Defendants' motions for summary judgment, the undersigned discerns no good-faith basis for an appeal.  Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $505 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $505 appellate filing fee in one lump sum.

Dated: May 11, 2016                               /s/ TIMOTHY P. GREELEY
                                                  Timothy P. Greeley
                                                  United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).